rendered the error harmless (*People v Crimmins,* 36 NY2d 230; *People v Morris,* 63 AD2d 1008). Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BROWN, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered November 19, 1982, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's claim that his sentence is excessive lacks merit. The sentencing court was confronted, on one hand, with the defendant, a habitual criminal, and, on the other, with his codefendant, for whom the robbery appeared to be entirely out of character in view of his otherwise relatively solid background. Under the circumstances, the court was clearly justified in imposing the minimum sentence on the codefendant, while giving defendant close to the maximum sentence.

We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, O'Connor and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO CASINO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered September 1, 1983, convicting him of criminal sale of a controlled substance in the fourth degree, upon a plea of guilty, and imposing sentence.

Judgment affirmed.

Having failed to raise any objection to the adequacy of the plea allocution in the court of first instance, defendant has failed to preserve the issue for appellate review as a matter of law (*People v Pellegrino,* 60 NY2d 636). Furthermore, we conclude that a reversal is not warranted in the interest of justice (see *People v Harris,* 61 NY2d 9).

We have considered defendant's remaining contentions and find them to be without merit (see *People v Kepple,* 98 AD2d 783, 784; *People v Bryant,* 47 AD2d 51, 61-62; *People v Kazepis,* 101 AD2d 816). Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES COSBY, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered June 6, 1983, convicting him of criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial,

after a hearing, of that branch of defendant's motion which sought suppression of certain evidence.

Judgment reversed, on the law and the facts, plea vacated, the afore-noted branch of defendant's pretrial motion granted to the extent indicated herein, and indictment dismissed. This case is remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Defendant was arrested pursuant to outstanding arrest warrants arising out of two burglaries at which nothing was taken. Immediately prior to the arrest, he was a passenger in a Datsun which was ultimately discovered to be registered to him. After being read his *Miranda* rights from a card, defendant indicated that he understood his rights. When asked if he wished to speak, defendant denied having committed any burglaries. The Datsun was impounded and driven to New Castle police headquarters where it was subjected to an inventory search. The most notable item found in the course of the inventory search was a motel room key. Shortly thereafter, an officer ascertained that defendant was staying at that motel. Under the circumstances, we cannot say that the police acted unreasonably in the manner of impounding and inventorying the vehicle. Accordingly, suppression of the motel room key was properly denied.

During interrogation, defendant maintained his innocence of any burglaries. The police, laboring under an apparent misunderstanding of the law, subsequently advised defendant that anything he said *could not* be used against him and that if he consented to a search of his motel room, nothing retrieved from the room could be used against him. Defendant initially disbelieved the representation, but several officers eventually convinced him that the promises were true. Defendant then said there was nothing of value in his room and that there were only junk items that his daughter played with. Defendant signed a consent to search form.

Armed with the consent form, several officers proceeded to the motel where, after being shown the document, a motel clerk handed over a key to the room where defendant was staying. Inside the room, the officers surveyed hundreds of items of jewelry, trinkets and flatware strewn about the floor and furniture. A set of Toyota keys, ostensibly for a Toyota parked immediately outside the motel room, was on a dresser. An officer observed a few pieces of jewely laying in the front seat area; these items appeared to him to be junk. The officer opened the trunk and found much more jewelry, although considerably fewer items were discovered in the car than in the motel room.

The property from the Toyota and the motel room was commingled. All told, over 880 items were found; of these, approximately 250 were subsequently identified as being stolen.

The County Court denied that branch of defendant's pretrial motion which sought suppression of the evidence in its entirety. We have already indicated our agreement that the motel room key was validly discovered during a proper inventory search. However, the remainder of that branch of defendant's motion, addressing tangible evidence and defendant's statement, should have been granted.

The arresting detective promptly advised defendant of his *Miranda* rights. But the effectiveness of this set of warnings was later vitiated by the vastly different advice defendant received — and acted in reliance upon, according to the County Court — that anything he said could *not* be used against him and that anything found in the motel room could not be used against him. Defendant's rights against self incrimination were thereby violated (see *Miranda v Arizona,* 384 US 436). Thus, defendant's statements concerning the valueless nature of his room's contents should have been excluded (CPL 60.45, subd 2, par [b], cl [ii]). Further, as the clear fruits of these violations, the items recovered in the motel room must be suppressed (see *Wong Sun v United States,* 371 US 471; see, e.g., *People v Urowsky,* 89 AD2d 520).

Likewise, the property found in the Toyota must be suppressed. Through the indiscriminate mixing of the items found in the motel room and Toyota, it has become virtually impossible to identify the source of the items later identified to be stolen. Consequently, whatever was recovered in the Toyota must necessarily be excluded.

Because no evidence remains to support the charge in the indictment, the indictment is dismissed. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.